J-A09025-20

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| TIMOTHY MICHAEL KOZA | : | |
| | : | |
| Appellant | : | No. 1339 WDA 2019 |

Appeal from the Judgment of Sentence Entered August 1, 2019
In the Court of Common Pleas of McKean County Criminal Division at
No(s): CP-42-CR-0000028-2018

BEFORE: SHOGAN, J., MURRAY, J., and STRASSBURGER, J.[*]

MEMORANDUM BY MURRAY, J.: FILED MAY 27, 2020

Timothy Michael Koza (Appellant) appeals from the judgment of sentence imposed following his convictions of driving under the influence (DUI) – general impairment, 75 Pa.C.S.A. § 3802(a)(1), and multiple related summary offenses. We affirm.

The trial court summarized the facts of this case as follows:

Trooper Timothy Daniel Rooke [(Trooper Rooke)] was on routine patrol on September 23, 2017 on State Route 59 and the corner of State Route 219, a highly traveled north/south highway in McKean County. Trooper Rooke was traveling north when he passed [Appellant]'s vehicle traveling south. He observed the bumper of [Appellant]'s vehicle go over the painted white fog line of State Route 219. When asked if the right tires of [Appellant]'s vehicle traveled over the fog line the trooper indicated "I believe that the tires went over the fog line but I can't say definitely." When questioned further he indicated that he was observing [Appellant]'s front bumper and could not state with certainty that [Appellant]'s tires traveled over the fog line. Therefore, the court

_____

[*] Retired Senior Judge assigned to the Superior Court.

f[ound] that there is insufficient basis in the record to find that [Appellant]'s tires touched or traveled over the fog line. Nevertheless, the observation raised concerns and Trooper Rooke changed his direction of travel and began following [Appellant]'s vehicle. As the vehicle was traveling around a slight right curve it substantially went into the opposite lane of travel. Specifically, the left front tires of the vehicle went over the double center line to the point that at least half of [Appellant]'s vehicle was in the opposite lane. Just prior to drifting into the opposite lane[,] a vehicle traveling in the opposite direction passed [Appellant]'s vehicle. The MVR video recording from Trooper Rooke's patrol vehicle was played at the hearing. It did not capture the bumper of [Appellant]'s vehicle going over the fog line as it was not activated at that time. However, it did capture, very clearly, [Appellant]'s vehicle drifting into the opposite lane of travel. Trooper Rooke pulled [Appellant]'s vehicle over immediately after it had drifted into the opposite lane.

Trial Court Opinion, 11/2/18, at 1-2 (footnote omitted).

As a result of the vehicle stop, the Commonwealth charged Appellant with DUI – general impairment, DUI – high rate of alcohol, and several summary offenses, including careless driving. On April 25, 2018, Appellant filed a motion to suppress evidence on the basis that Trooper Rooke lacked probable cause to stop his vehicle. On November 2, 2018, the trial court denied Appellant's suppression motion.

On June 18, 2019, following a bench trial, the trial court found Appellant guilty of DUI – general impairment and the summary offenses. On August 1, 2019, the trial court sentenced Appellant to six months of probation and ordered him to pay the costs of prosecution. Appellant filed a timely notice of appeal on August 26, 2019. On September 19, 2019, the trial court ordered Appellant to file a concise statement of errors complained of on appeal

- 2 -

pursuant to Pennsylvania Rule of Appellate Procedure 1925(b). Appellant filed his concise statement on October 3, 2019.

On appeal, Appellant presents two issues for review:

I. Did the court abuse its discretion by denying [Appellant]'s pretrial motion to suppress evidence because of an unlawful stop?

II. Was there insufficient evidence to find [Appellant] guilty of summary careless driving?

Appellant's Brief at 4.

In his first issue, Appellant argues that the trial court erred in denying his suppression motion. Appellant asserts that Trooper Rooke's traffic stop based on Appellant's violation of 75 Pa.C.S.A. § 3309(1), driving on roadways laned for traffic, was illegal. Appellant contends that Trooper Rooke only observed him momentarily cross the center yellow line, and therefore, Trooper Rooke lacked probable cause to stop him.

Our standard of review is as follows:

[An appellate court's] standard of review in addressing a challenge to the denial of a suppression motion is limited to determining whether the suppression court's factual findings are supported by the record and whether the legal conclusions drawn from those facts are correct. Because the Commonwealth prevailed before the suppression court, we may consider only the evidence of the Commonwealth and so much of the evidence for the defense as remains uncontradicted when read in the context of the record as a whole. Where the suppression court's factual findings are supported by the record, [the appellate court] is bound by [those] findings and may reverse only if the court's legal conclusions are erroneous. Where . . . the appeal of the determination of the suppression court turns on allegations of legal error, the suppression court's legal conclusions are not binding on an appellate court, whose duty it is to determine if the suppression

court properly applied the law to the facts. Thus, the conclusions of law of the courts below are subject to [ ] plenary review.

Commonwealth v. Jones, 121 A.3d 524, 526-27 (Pa. Super. 2015) (citation omitted). Importantly, our scope of review from a suppression ruling is limited to the evidentiary record that was created at the suppression hearing. In re L.J., 79 A.3d 1073, 1087 (Pa. 2013).

We further recognize that "[t]he Fourth Amendment of the Federal Constitution and Article I, Section 8 of the Pennsylvania Constitution protect individuals from unreasonable searches and seizures." Commonwealth v. Walls, 53 A.3d 889, 892 (Pa. Super. 2012). "To secure the right of citizens to be free from such [unreasonable] intrusions, courts in Pennsylvania require law enforcement officers to demonstrate ascending levels of suspicion to justify their interactions with citizens as those interactions become more intrusive." Commonwealth v. Pratt, 930 A.2d 561, 563 (Pa. Super. 2007). Courts in this Commonwealth have recognized three types of interactions between the police and a citizen: a mere encounter, an investigative detention, and a custodial detention.

> A mere encounter between police and a citizen need not be supported by any level of suspicion, and carr[ies] no official compulsion on the part of the citizen to stop or to respond. An investigatory stop, which subjects a suspect to a stop and a period of detention . . . requires a reasonable suspicion that criminal activity is afoot. A custodial search is an arrest and must be supported by probable cause.

Commonwealth v. Newsome, 170 A.3d 1151, 1154 (Pa. Super. 2017).

- 4 -

With respect to the quantum of cause necessary to conduct a traffic stop, the relevant statutory authority is Section 6308(b) of the Pennsylvania Vehicle Code, which states:

> Whenever a police officer is engaged in a systematic program of checking vehicles or drivers or has reasonable suspicion that a violation of this title is occurring or has occurred, he may stop a vehicle, upon request or signal, for the purpose of checking the vehicle's registration, proof of financial responsibility, vehicle identification number or engine number or the driver's license, or to secure such other information as the officer may reasonably believe to be necessary to enforce the provisions of this title.

75 Pa.C.S.A. § 6308(b).

Section 6308(b) requires only reasonable suspicion in support of a vehicle stop for gathering information necessary to enforce the Vehicle Code. However, a police officer must have probable cause to support a vehicle stop where the officer's investigation following the stop serves no "investigatory purpose relevant to the suspected [Motor Vehicle Code] violation." Commonwealth v. Feczko, 10 A.3d 1285, 1291 (Pa. Super. 2010) (en banc), appeal denied, 25 A.3d 397 (Pa. 2011).

Our Supreme Court explained:

> Indeed, the language of § 6308 reflects this very intent. Stops based on reasonable suspicion are allowed for a stated investigatory purpose: "to secure such other information as the officer may reasonably believe to be necessary to enforce the provisions of this title." 75 Pa.C.S. § 6308(b). This is conceptually equivalent to the purpose of a Terry[1] stop. It does not allow all stops to be based on the lower quantum – it merely allows this for investigatory stops, consistent with the requirements of both

_____

[1] Terry v. Ohio, 392 U.S. 1 (1968).

federal and state constitutions. We interpret the legislature's modification of § 6308 as merely eliminating the statutory requirement of a greater level of information for a stop under the Vehicle Code than is constitutionally required for all other stops.

Commonwealth v. Chase, 960 A.2d 108, 116 (Pa. 2008). "[I]f the officer has a legitimate expectation of investigatory results, the existence of reasonable suspicion will allow the stop – if the officer has no such expectations of learning additional relevant information concerning the suspected criminal activity, the stop cannot be constitutionally permitted on the basis of mere suspicion." Id. at 115. Therefore, "when the existence of reasonable suspicion combines with the expectation that the stop will allow light to be shed on the relevant matters, the stop is not unconstitutional." Id.

Here, Trooper Rooke stopped Appellant based on his determination that Appellant violated Section 3309(1) of the Pennsylvania Vehicle Code. Section 3309(1) provides:

> (1) Driving within single lane.--A vehicle shall be driven as nearly as practicable entirely within a single lane and shall not be moved from the lane until the driver has first ascertained that the movement can be made with safety

75 Pa.C.S.A. § 3309(1).

Consistent with the foregoing authority, we conclude that Trooper Rooke needed probable cause to stop Appellant for violating Section 3309(1), as Trooper Rooke could not have possessed a legitimate expectation of learning additional relevant information concerning whether Appellant was driving in a single lane during the stop. See Chase, 960 A.2d at 115-16. We therefore

address whether Trooper Rooke had probable cause to stop Appellant's vehicle.

Consistent with the trial court's recitation of facts, the suppression hearing transcript reflects that while Trooper Rooke was following Appellant's vehicle southbound on State Route 219, Trooper Rooke observed Appellant's vehicle cross the center double yellow line of the road to the degree that the license plate of the vehicle was over the center double yellow line. N.T., 9/17/18, at 6. Trooper Rooke testified that this occurred on a right curve of the road on slight a hill, with traffic in the oncoming lane. Id. at 9-10, 13-14. Although the MVR was not activated the entire time, it showed Appellant's vehicle cross the center double yellow line of State Route 219. Id. at 9-12. Trooper Rooke then initiated the traffic stop. Id. at 6.

Probable cause exists "where the facts and circumstances within the officers' knowledge are sufficient to warrant a person of reasonable caution in the belief that an offense has been or is being committed." Commonwealth v. Stultz, 114 A.3d 865, 883 (Pa. Super. 2015). We conclude that Trooper Rooke had probable cause to stop Appellant for violating Section 3309(1).

In support of his claim that Trooper Rooke did not have probable cause to stop him for violating Section 3309, Appellant relies on our Supreme Court's decision in Commonwealth v. Gleason, 785 A.2d 983 (Pa. 2001). In Gleason, a police officer observed the appellant's vehicle cross approximately six to eight inches over the white fog line twice over a quarter mile of road.

Id. at 983, 985. The police officer did not see any other vehicles on the road. Id. The Gleason Court concluded that the vehicle stop was not supported by probable cause because the record did not establish that the appellant violated Section 3309(1), where there was no evidence that the appellant crossing the white fog line by a few inches "created a safety hazard." Id. at 989.

We find Gleason distinguishable.[2] In Gleason, the police officer observed the appellant's vehicle mere inches over the white fog line – i.e., the vehicle swerved to the right, slightly onto the shoulder and out of the path of oncoming traffic. In this case, nearly half of Appellant's vehicle crossed the center double yellow line into the oncoming lane of traffic and remained there for approximately two seconds. Because there was oncoming traffic, Appellant created a safety hazard by crossing into the oncoming lane while negotiating a curve on a hill. Accordingly, the record supports the trial court's determination that Trooper Rooke possessed probable cause to stop Appellant for violating Section 3309(1).

In his second issue, Appellant argues that the evidence was insufficient to sustain his conviction for the summary offense of careless driving. Appellant has waived this issue.

"In order to preserve a challenge to the sufficiency of the evidence on appeal, an appellant's Rule 1925(b) statement must state with specificity the

_____

[2] We also note that Gleason has been superseded by statute, and relies on a prior version of Section 6308(b).

- 8 -

element or elements upon which the appellant alleges that the evidence was insufficient." Commonwealth v. Garland, 63 A.3d 339, 344 (Pa. Super. 2013). With respect to his sufficiency issue, Appellant's Rule 1925(b) statement merely states: "Did the Court commit reversible error when it found the defendant guilty of careless driving?" Appellant's 1925(b) Statement, 10/3/19, ¶ 2. The trial court correctly noted, "[i]t is very difficult for this court to address such a vague assertion. When a court has to guess what issues an appellant is appealing it prevents meaningful review. Therefore, this assertion of error has been waived." Trial Court Opinion, 10/14/19. We agree. Appellant's 1925(b) statement does not indicate that Appellant intended to raise a sufficiency issue on appeal and even if he did, the 1925(b) statement does not cite with specificity any elements that were not supported by sufficient evidence. Thus, Appellant failed to preserve this issue for review. See Garland, 63 A.3d at 344.

Judgment of sentenced affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/27/2020

- 9 -